**FILED & ENTERED**

**MAR 12 2026**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Alexey Ott,<br><br>Debtor. | Case No.:     2:25-bk-21229-NB<br><br>Chapter:     13<br><br>**ORDER: (1) CONTINUING HEARING ON DEBTOR'S MOTION FOR CONTEMPT AND (2) SETTING DEADLINE FOR CANYON VIEW TO FILE A MOTION TO RETROACTIVELY ANNUL THE AUTOMATIC STAY AND/OR OTHER RESPONSIVE PAPERS**<br><br><u>Prior Hearings on Motion for Contempt:</u><br>Date:   January 6, February 10, and February 24, 2026<br>Time:   10:00 a.m. and 11:00 a.m.<br><br><u>Continued Hearing on Motion for Contempt:</u><br>Date:   April 21, 2026<br>Time:   10:00 a.m.<br>Place:  Courtroom 1545<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br>(or via Zoomgov per posted procedures) |

On December 18, 2025, Alexey Ott ("Debtor") filed a motion seeking contempt sanctions for alleged violation of the automatic stay of § 362(a)[1] (dkt. 9, the "Motion for

---

[1] Unless the context suggests otherwise, a "chapter" or "section" ("§") refers to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "Code"), a "Rule" means the Federal Rules of Bankruptcy

-1-

Contempt"). That motion is part of a long history of litigation involving (x) a manufactured home (the "Manufactured Home"), (y) the mobile home site on which it has been located, at 19936 Northcliff Drive, Space 168, Santa Clarita, California 91351 (the "Land"), and (z) mobile home park operator Canyon View Limited dba Canyon View Estates ("Canyon View"). That litigation includes extensive proceedings in a bankruptcy case filed on August 22, 2025, by Debtor's parents, Lada Ott and Andrey Ott (Case No. 2:25-bk-17321-VZ, the "Parents' Case").

**1. Background**

The Land itself is not presently at issue in this case. But this Court notes that on March 27, 2025, Canyon View obtained a judgment for possession of the Land from the Superior Court of California for the County of Los Angeles.[2] The Los Angeles County Sheriff delivered possession of the Land to Canyon View on October 21, 2025.[3]

What is at issue in this case is the Manufactured Home. Debtor's position is that he acquired ownership of the Manufactured Home through a quitclaim deed recorded on December 12, 2025.[4] He filed his chapter 13 bankruptcy petition on December 15, 2025. on December 16, 2025, Canyon View conducted a foreclosure sale (aka a lien sale) of the Manufactured Home. The Motion for Contempt asserts that the foreclosure sale is void *ab initio* as a violation of the automatic stay, and it seeks (A) a declaration invalidating the sale, (B) a determination that Canyon View willfully violated the automatic stay, and (C) damages under § 362(k).

This Court has repeatedly continued the hearings on the Motion for Contempt (dkt. 9) as set forth in the caption above. This Court continued those hearings because it appeared that proceedings in the Parents' Case regarding Canyon View's motion for relief from the automatic stay in that case might moot the Motion for Contempt.

---

Procedure or other federal or local rule, and other terms have the meanings provided in the Code, Rules, and the parties' filed papers.
[2]    See Canyon View R/S Motion (dkt. 18, Case No. 2:25-bk-17321-VZ ("Parents' Case"), Ex. D (PDF pp. 114–16)).
[3]    See Canyon View Opp. to § 522(f) Mtn. (Parents' Case dkt. 83) p. 3:9–12.
[4]    Motion for Contempt (dkt. 9) p. 2:20–21.

Specifically, it appeared that Judge Zurzolo, who was presiding over those proceedings, might make findings of fact or conclusions of law that could make the automatic stay in this case inapplicable, or otherwise moot the Motion for Contempt.

But, so far as the undersigned Bankruptcy Judge can discern, the order issued by Judge Zurzolo does not moot the Motion for Contempt. True, that order rules that, to the extent the automatic stay applies, it is terminated <u>as to the Land</u> – not only in *that case* but also in any *future* case (no matter who the debtor might be, under § 362(d)(4), "due to a transfer to 'delay, hinder, or defraud creditors'"), and in "any *pending*" bankruptcy case, which would include this case. Order (Case No. 2:25-bk-17321-VZ, dkt. 175) p. 3, ¶¶ 18.1, 18.3, 18.4 (emphasis added). But that order does not appear to apply to the Manufactured Home, nor does it grant retroactive relief (aka annulling the automatic stay) in the Parents' Case or any other case.

Based on all of the foregoing, it appears that the Motion for Contempt has not been mooted and that further proceedings are required. This order sets deadlines for the parties to address the Motion for Contempt and related issues.

**2. Preliminary analysis**

To aid both sides in focusing their arguments, and to aid this Court in its own determinations, this Court provides the following preliminary analysis. This Court believes that there are three primary issues: (a) whether the automatic stay applies to Canyon View's foreclosure sale of the Manufactured Home, (b) whether Canyon View qualifies for retroactive relief from the automatic stay (aka annulment), and (c) whether, if there were any violation of the automatic stay, there are any cognizable damages. The parties remain free, of course, to address any additional relevant issues.

**(a) Whether the automatic stay applied to the foreclosure sale of the Manufactured Home**

This Court is aware of authority that the automatic stay does not apply, at least as to real property, when there is a prepetition judgment for possession and a writ of possession, because in that situation the debtor/estate has no legal or equitable interest

in the real property under State law. That authority applies with even greater force when, as in this case, the Sheriff has actually delivered possession. *See In re Perl,* 811 F.3d 1120, 1127-28 *et seq.* (9th Cir. 2016) ("We conclude that under California law, entry of judgment and a writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue") (citation omitted).

But *Perl* did not expressly address whether extinguishment of all legal and equitable interests in <u>real property</u> also makes the automatic stay inapplicable to <u>personal property and/or fixtures</u>. As applied to this case, the question is whether Debtor's lack of any interest in the Land means that the automatic stay also does not apply to the Manufactured Home. This Court has not researched that issue.

On the one hand, *Perl* itself noted that the Sheriff proceeded postpetition with a lockout and evicted the debtor, and as a result the debtor "was unable to remove some of his <u>personal belongings</u>." *Perl,* 811 F.3d 1120, 1124 (emphasis added). On the other hand, the rest of the analysis in *Perl* focused on the real property, not the personal property.[5]

Assuming for the sake of discussion that *Perl* itself does not resolve the issue of whether the automatic stay applied to the Manufactured Home, it provides a roadmap for the analysis. Specifically, the parties presumably will need to address whether, starting with property rights under California law, Debtor as a fractional owner of the Manufactured Home had any interests or rights that fell within the protection of one of

---

[5] In the interest of full disclosure, the undersigned Bankruptcy Judge notes that he was the judge who was reversed by *Perl*. Based on that role, the following information might be relevant.

The undersigned recalls that the personal property and/or fixtures at issue included some high-end stereo equipment, speakers, and wiring that had been installed in the real property that the debtor wished to remove, although that does not appear to be reflected in the written record. *See generally In re Perl* (Bankr. C.D. Cal., Case No. 2:13-bk-26126-NB). In the view of the undersigned, it is not surprising that the Court of Appeals for the Ninth Circuit in *Perl* did not devote any extensive discussion to the personal property and/or fixtures, even though that had been the debtor's real concern when he commenced his bankruptcy case, because by the time of the appeal he had already removed those things, so he did not participate in the appeal. *See Perl,* 811 F.3d 1120, 1123 ("No appearance for Appellee").

-4-

the paragraphs of § 362(a) notwithstanding that, before Debtor acquired his interest, (i) the State Court had already issued a judgment for possession of the Land and the Sheriff had already delivered possession of the Land to Canyon View and (ii) significant time had passed without Debtor or his family exercising any rights they might have had to remove the Manufactured Home from the Land.

The tentative ruling is that, unless Canyon View can establish that Debtor had no cognizable property interest, the automatic stay did apply under §§ 102(2) and 362(a)(1)-(6). But the existence of any property interest under California law remains an open question.

### (b) Whether Canyon View qualifies for annulment of the automatic stay

This Court expresses no view whether retroactive relief (annulment of the automatic stay) is or is not appropriate. But the parties may wish to address the following authorities. *See In re Nat'l Enviro. Waste Corp.*, 129 F.3d 1052, 1054-56 (9th Cir. 1997); *In re Fjeldsted,* 293 B.R. 12 (9th Cir. BAP 2003); *and see also In re Merriman,* 616 B.R. 381, 389-90 & n. 6 and 391-95 (9th Cir. BAP 2020) (retroactive relief is permissible, and *Fjeldsted* factors should not be applied mechanically); *In re Williams,* 323 B.R. 691, 697-702 (9th Cir. BAP 2005) (various issues involving annulment, and application of *Fjeldsted*), *aff'd,* 204 Fed.Appx. 582 (9th Cir. 2006), *overruled on other issues by Perl,* 811 F.3d 1120 (scope of automatic stay).

### (c) Whether, if there were any violation of the automatic stay, there were any cognizable damages

This Court is not aware of how Debtor was harmed by any alleged violation of the automatic stay. He has not suggested any way in which he could have or would have moved the Manufactured Home to a new location, or sold it to someone else who would do so. In other words, although the Manufactured Home had a great deal of sentimental and personal value to Debtor and his family if they could continue living in it on the Land without moving it, this Court is not aware of any evidence that the fair

market value of the Manufactured Home exceeded the cost of removing it from the Land and moving it to some other suitable mobile home park or other location.  To the contrary, in this Court's experience with other mobile home parks involved in bankruptcy cases, there might not be any location anywhere nearby to which any manufactured home realistically could be moved, so it might be commercially worthless.

In addition, even if the Manufactured Home had some fair market value, it is not apparent from the record that Debtor was harmed in any legally cognizable way by the occurrence of the foreclosure sale when it happened.  The reason is that, if Canyon View had not conducted the foreclosure sale when it did, it seems very likely on the present record that Canyon View would have obtained relief from the automatic stay to foreclose a few days later.  A delay of a few days, when Debtor and his family were no longer occupying the Manufactured Home, does not appear likely to have caused any cognizable damage.

### (d) Conclusion

This Court has outlined its preliminary analysis based on the limited record that has already been presented.  To be clear, this Court remains open to any explanation of different or additional facts and circumstances, or any different factual or legal analysis, that might change any of the foregoing.  The goal is only, as stated above, to aid both sides (and this Court) by focusing the parties' arguments and presentation of evidence.

### 3. Ordering paragraphs

Based upon the foregoing, and good cause appearing therefor, it is hereby ORDERED that:

(1) To provide Canyon View sufficient time to seek retroactive annulment of the automatic stay in this case, the hearing on the Motion for Contempt (dkt. 9) is CONTINUED as set forth in the caption above.  (This Court previously continued the hearing on the Motion for Contempt to March 24, 2026 at 10:00 a.m. but, for the reasons set forth above, the continued hearing on the Motion for Contempt will instead take place as set forth in the caption of this order.)

(2) **March 24, 2026, is the deadline** for Canyon View to file and serve its motion for retroactive relief (annulment) referenced in ordering paragraph "(1)," above and its Opposition to the Motion for Contempt addressing any issues it wishes to address (*e.g.,* the *Perl* issues and damages issues noted above).

(3) With respect to Canyon View's motion for retroactive relief (annulment) referenced in ordering paragraphs "(1)–(2)," above, **April 7, 2026, is the deadline** for Debtor to file and serve any opposition papers, and **April 14, 2026, is the deadline** for Canyon View to file and serve any reply papers.

(4) With respect to Debtor's Motion for Contempt (dkt. 9), **April 7, 2026, is the deadline** for Debtor to file any reply papers to Canyon View's opposition papers (*see* ordering paragraph "(2)," above).

###

Date: March 12, 2026

Neil W. Bason
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing, no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

<u>Debtor</u>
Alexey Ott
3505 Emerald St
#16
Torrance, CA 90503

[Canyon View to be served via NEF]

☐ Service information continued on attached page

Date:  3/12/2026        Signature:        /s/ Litaun T. Lewis
                        Deputy Clerk [*printed name*]:    Litaun T. Lewis