FILED & ENTERED

MAY 06 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>Alexey Ott,<br>Debtor. | Case No.: 2:25-bk-21229-NB<br>Chapter: 13<br>Adv. No.: 2:26-ap-01098-NB |
| Alexey Ott,<br>Plaintiff,<br>v.<br>Canyon View Limited dba Canyon View Estates,<br>Defendant. | ☒ File in Bankr. Case No.: 2:25-bk-21229-NB<br>☐ File in Adv. No.: 2:26-ap-01098-NB<br><br><u>OSC Hearing</u>:<br>Date: June 2, 2026<br>Time: 11:00 a.m.<br>Place: Courtroom 1545<br>255 E. Temple Street<br>Los Angeles, CA 90012<br>(or via Zoomgov per posted procedures) |

**ORDER (A) DIRECTING ALEXEY OTT AND LADA OTT TO APPEAR IN PERSON TO TESTIFY, AND SHOW CAUSE WHY REMEDIES SHOULD NOT BE ORDERED FOR APPARENT VIOLATION OF RULE 9011(b), AND MEANWHILE (B) GRANTING EXTENSIONS OF TIME FOR OTHER PARTIES TO RESPOND UNTIL THIS MATTER CAN BE HEARD**

At the time and place set forth above, Alexey Ott and Lada Ott (“Litigants”) are directed to appear *in person* to *testify under oath* and show cause (a) why any pending requests by Litigants for relief, or oppositions to other persons’ requests for relief, should not be denied, overruled, or stricken, and (b) why this Court should not order other remedies, for apparent violation of Rule 9011(b).[1] Meanwhile, this Court is granting additional time for all other parties in interest to respond to such pending requests by Litigants for or against any relief, including any amendment or supplement that may be filed before this matter can be heard.

## 1. DEFECTS IN PAPERS PRESENTED BY LITIGANTS

This form order is being issued in response to papers (including but not limited to bankr. dkt. 9, 18, 24, 49, 51, 65, 83, 85, 86, 94, 105, & 106, and adv. no. 2:26-ap-01098-NB, adv. dkt. 1, collectively the “Papers”) that include apparent violations of Rule 9011(b). This Court’s March 12, 2026 order (bankr. dkt. 59) summarizes the principal bankruptcy-related issues (mostly, whether to annul the automatic stay of § 362(a) with respect to “foreclosure” with respect to the Manufactured Home, as defined in that order).

As this Court has explained at prior hearings, this bankruptcy case is not an opportunity to re-litigate issues that have been decided on a final basis in prior litigation in the State Courts or in other bankruptcy cases. The Papers, however, are replete with apparent efforts re-litigate such issues, without apparent legal and factual grounds to do so, and with the apparent purpose of needlessly increasing litigation costs, causing unnecessary delay, and harassing Litigants’ opponent, Canyon View, which has already incurred hundreds of thousands of dollars in legal fees from its litigation with Litigants.[2]

---

[1] Unless the context suggests otherwise, a “chapter” or “section” (“§”) refers to the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the “Code”), a “Rule” means the Federal Rules of Bankruptcy Procedure or other federal or local rule, and other terms have the meanings provided in the Code, Rules, the parties’ filed papers, and this Court’s prior orders. See, e.g., Order (bankr. Dkt. 59).

[2] The Papers have not been withdrawn as of the preparation of this Order. Any future withdrawal of the Papers will not moot this Order.

**2. HARM CAUSED BY THE PAPERS**

**a. It is no excuse for violating Rule 9011 if Litigant used "artificial intelligence" or other tools**

Based on the defects in Litigants' Papers referenced above, those Papers might have been generated by so-called "artificial intelligence" ("AI"). In this Court's experience, AI-generated papers typically have a veneer of legal sophistication, but in fact have defects such as those described above.

Alternatively, the Papers might be a (slightly modified) form obtained from the internet. Alternatively, the Papers might have been generated by some paralegal or other unqualified and undisclosed person.

This Court takes judicial notice of a vast increase in the apparent use of such tools. *See, e.g., In re Luna* (Bankr. C.D. Cal., Case No. 2:25-bk-13083-NB, dkt. 39, p. 4:1-14) (papers included litigant's own query to AI, and AI's response).

If any such tools were used, that is no excuse. A party may not blindly follow "advice" from AI or an internet form or paralegal, or to fail for any other reason to exercise due diligence when presenting any papers. To be clear, there is nothing inherently wrong with using AI or other tools as an aid to research and drafting. The problem arises when such tools are used without due diligence to verify factual and legal assertions – including asserting frivolous arguments not reasonably supported by the applicable law or facts – or to generate papers for improper purposes such to harass, cause unnecessary delay, or needlessly increase litigation costs.

To be clear, this Court is not at this time making any finding or assumption that any such tools actually were used. The point is only that the use of any such tools is no excuse.

**b. Undue burdens on other parties, and on the judicial system**

Whether or not AI or similar tools were used by Litigant, the Papers appear to violate Rule 9011(b). Any violation of Rule 9011(b) typically causes substantial harm to other parties in interest and wastes judicial resources.

First, the burdens are unequal. In this Court's experience it is relatively easy for persons who engage in abusive tactics to generate frivolous arguments and make "grossly exaggerated or totally false" allegations (*Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1061-62 (9th Cir. 2007)), and it is much more difficult for other parties to demonstrate, issue by issue and fact by fact, why those arguments and allegations violate Rule 9011(b). *See, e.g., El Ameen Bey v. Stumpf,* 825 F.Supp.2d 537, 543 (2011) (describing extreme case involving "pages of homemade quasi-documents" that were "heavily laden" with "riddle-like … argot" that was difficult to understand or respond to).

Second, pursuing sanctions might be "throwing good money after bad." Anyone responding to papers that appear to violate Rule 9011(b) not only has to invest time and money responding on the merits but also has to decide whether to invest even more time and money to seek sanctions. But then, in this Court's experience, persons who violate Rule 9011(b) frequently are "judgment proof" (they have no known assets or income to pay any monetary sanctions).

Third, addressing abusive papers often turns into "a game of whack-a-mole." As soon as one set of abusive papers is addressed, other sets of abusive papers usually are generated and filed. *See id., passim*.

The harms described above can be greatly exacerbated if a litigant starts to use AI or similar tools. It can take just a few minutes for a person using AI or a form template to generate a pleading that raises a half-dozen or more legal and factual issues with just enough of a veneer of plausibility to require hours of work for other parties and this Court to address. *See id.,* 825 F.Supp.2d 537, 548-50 (describing extreme case involving online forms that "appear to be nothing but hoaxes making no sense legally").

**c. Harms specific to bankruptcy cases**

In bankruptcy cases, the foregoing harms can be multiplied because every bankruptcy judge presides over hundreds if not thousands of cases at any given time,

and the bankruptcy system depends on the fact that the vast majority of matters should be administered by trustees and other persons *without briefing and without court involvement*. For example, so-called "scream-or-die" motions (aka "negative notice" motions) are expressly authorized by the Bankruptcy Code precisely to avoid the needless expense and delay of extensive briefing and hearings on every matter. *See* § 102(1).

Even when motions are set for hearing, many are unopposed. For example, this Court takes judicial notice that historically many motions for relief from the automatic stay (§ 362(a) & (d)) and many professionals' fee applications (11 U.S.C. §§ 330, 330) are unopposed. Sensible parties who exercise due diligence and act in good faith realize that there are often no meritorious grounds to oppose those motions, and in that situation they do not present any opposition papers.

But litigants who are prepared to invest nearly endless time have always been able to flood the legal system with meritless papers. And AI-generated or similar papers have the potential to make it almost effortless for unscrupulous litigants to weaponize this flexible system by requiring extensive briefing and hearings for matters that should not require any briefing or hearing at all.

From what this Court has gleaned across many cases, the filing of abusive papers is increasing substantially, including the improper use of AI and other tools, and those things are already imposing enormous delays and expenses. Absent remedies such as this Order, this Court is concerned that our legal system, and particularly our bankruptcy system, could be completely overwhelmed.

**3. POSSIBLE REMEDIES**

This Court can impose various remedies for any violation of Rule 9011(b). That rule provides that, by "presenting" the Papers – whether by "signing, filing, submitting, [] later advocating [for]" or being "responsible" for them – Litigants have certified that, to the best of Litigants' "knowledge, information, and belief *formed after an inquiry reasonable under the circumstances*" (emphasis added), that:

(x) the Papers have not been "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs";

(y) the Papers' claims, defenses, and other legal contentions are "warranted by existing law," or "by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law"; and

(z) the Papers include only allegations, denials, and/or factual contentions that are warranted based on the evidence, or that have been "specifically" identified as relying on information or belief that is "reasonable." [*See* Rule 9011(b).]

Note that even if *some* factual assertions and/or legal arguments in the Papers satisfy Rule 9011(b), that does not insulate *other* violations of the rule from being sanctionable. *See, e.g., Molski,* 500 F.3d 1047, 1061-62 (affirming sanctions despite suits that "were probably meritorious in part," and also noting that "a person with a measured legitimate claim may cross the line into frivolous litigation by asserting facts that are grossly exaggerated or totally false.").

**a. Sanctions**

Whenever a litigant is responsible for presenting papers in apparent violation of Rule 9011(b), this Court has the authority, on its own motion, to order parties and/or their attorneys[3] to appear and show cause why they should not be sanctioned. *See* § 105(a) *and* Rule 9011(c)(3). Any sanctions "must be limited to what suffices to deter repetition of the conduct or deter comparable conduct by others similarly situated." Rule 9011(c)(4)(A). Sanctions may include (x) nonmonetary directives, such as directing that any requests for or against relief in the offending papers be denied, overruled, or, in egregious cases, stricken (*see generally, e.g., N/S Corp. v. Liberty Mut. Ins. Co.,* 127 F.3d 1145 (9th Cir. 1997) (striking briefs and dismissing appeal)), or (y) monetary

---

[3] *See, e.g., Pioneer Inv. Servs. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 396 (1993) ("clients must be held accountable for the acts and omissions of their attorneys").

sanctions, provided that *any monetary sanctions payable under this Order will be payable only to this Court*. *See* Rule 9011(c)(4)(A)(ii) & (iii).[4]

**b. Extensions of time**

This Court has the power under Rule 9006(b), other Rules, and its inherent authority to grant extensions of time for parties in interest to respond to nearly all types of papers. This Court does not intend to use such extensions of time as any sort of sanction: they merely preserve the *status quo* until this Court can determine whether Rule 9011(b) has been violated. *See, e.g., In re Bellucci,* 119 B.R. 763, 770 (Bankr. ED Cal. 1990) ("basic attribute" of any court is discretion to control its own docket, "including controlling the timing of proceedings on that docket") (citations omitted). Indeed, this Court has the duty to grant such extensions of time if that is necessary or appropriate to "secure the just, speedy, and inexpensive determination of every case and proceeding." Rule 1001(a).

This Order contemplates two different types of extensions of time.

**i. Extension of time to respond to the Papers**

This Court is using its discretion to grant an extension of time for all other parties in interest to respond to Litigants' Papers, including any amendment or supplement that might be filed before this Court can address whether those papers violate Rule 9011(b) at the above-captioned hearing. Absent such an extension, substantial harm is very likely to be caused to other parties in interest, as explained in earlier sections of this Order.

If the Papers are indeed found to have violated Rule 9011(b), this Court may deny, overrule, or strike Litigants' requests for or against any relief, thereby mooting any

---

[4] Nothing in this Order should be deemed to preclude any party in interest from filing its own papers seeking appropriate remedies – including reimbursement of attorney fees and expenses if allowable – under Rule 9011(c)(2) or any other applicable authority. All rights are reserved, and this Court is neither encouraging nor discouraging any such motions or applications.

In the interests of transparency and assuring a "level playing field," this Court advises Litigant and all other parties in interest that a "Sanctions Table" is available at www.cacb.uscourts.gov (under Judges > Our Judges > Bason, N. > Instructions/Procedures > Sanctions Table). As stated in the Sanctions Table, it is only an aid, not a substitute, for parties' own research.

need to respond. Alternatively, this Court may set new deadlines for any responses, or set an evidentiary hearing, or may make any other appropriate rulings.

**ii. Possible extension of time to respond to *future* papers**

At the above-captioned hearing this Court will consider whether there has been a sufficient pattern of abuse – particularly after any prior warnings – to impose a more general, temporary extension of time for other parties to respond to any *future* papers filed by Litigants until this Court can address whether those future papers violate Rule 9011(b). Any such general, temporary extension could apply only to some persons and some types of papers or proceedings, or to all parties in interest in this bankruptcy case including all contested matters and adversary proceedings, and all types of future papers for which extensions can be granted under Rule 9006(b) or other applicable rules.

To be clear, this Court does not take lightly any such general extension of time: it will be imposed only if Litigants have shown a sufficient pattern of abusive papers, particularly after any prior warnings. Moreover, even if a general extension of time were to be granted, it bears repeating that this remedy would not be a sanction and would only be a *temporary* extension, until this Court could determine whether any future papers filed by Litigant are a continuation of any demonstrated pattern of violating Rule 9011(b). The goal is to *preserve the status quo*, by not forcing other parties in interest to spend the time and money to respond to such future papers until this Court can address them on a preliminary basis, while preserving the rights of all parties including Litigants, to argue whether further briefing or other procedures are appropriate (see below).

**c. Possible pre-filing order**

Neither of the two different extensions of time described above would bar Litigants from filing any papers. But this Court will consider at the above-captioned hearing whether there has been a sufficient pattern of abuse to warrant such a bar (known as a "pre-filing" order, a "gatekeeper" order, or a "vexatious litigant" order). *See*

*Molski*, 500 F.3d 1047, 1056-65 (affirming pre-filing order), *and compare In re Koshkalda*, 622 B.R. 749, 768-69 (9th Cir. BAP 2020) (reversing as to scope of pre-filing order).

**d. Possible immediate relief; and opportunities to request continuance, briefing, evidentiary hearing, etc.**

This Court can determine at the above-captioned hearing whether to make immediate oral rulings. Alternatively, this Court could continue the hearing or establish other procedures.

All rights are reserved for Litigants and other parties to request whatever procedures they wish – *e.g.,* this Court can provide for written briefs and declarations, oral argument, and/or live testimony, as appropriate. *See, e.g., Molski*, 500 F.3d 1047, 1065 n.8 (trial courts have "broad discretion in fashioning sanctions") (citations omitted); *Koshkalda*, 622 B.R. 749, 759 & n. 5 (finding no error with 10-page brief limit); *and see also Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118, 1120 (9th Cir. 2000) (due process requires notice and opportunity to be heard regarding sanctions, but that opportunity can be via briefing rather than oral argument and/or evidentiary hearing).

**4. CONCLUSION**

For the foregoing reasons, and pursuant to Rule 9011(c)(3), it is hereby ORDERED:

1. **<u>Extension of time for all other parties in interest to respond to the Papers</u>.** Because the Papers appear to violate Rule 9011(b), all parties in interest are hereby granted an extension of time to file and serve any response to any pending requests in the Papers for or against any relief (including any supplement or amendment presented by Litigants or any other person before the above-captioned hearing) unless and until (a) this Court is persuaded by Litigants' testimony under oath (see below) that no such violation has occurred and (b) this Court sets a new deadline for such

responses. To be clear, all parties in interest will have the _option_ to respond to the Papers, but they will not be _required_ to respond unless and until this Court sets a new deadline (which could include permitting oral responses and replies at the above-captioned hearing).

2. **No briefing in response to this Order.** To save all persons from expending time and money, no briefing is invited or permitted in response to this Order. Rather, this Court will take testimony at the above-captioned hearing (see below) and all rights are reserved for Litigants and other parties in interest to address whether any briefing is necessary or appropriate.

3. **Testimony required.** Litigants are directed to _appear in person (not via video or telephone)_ at the above-captioned hearing and _testify under oath_ to address (a) whether the Papers (including any supplement or amendment) violate Rule 9011(b), (b) why this Court should not deny, overrule, or strike Litigants' pending requests for or against any relief, and (c) why this Court should not impose any additional remedies as set forth in the next paragraph of this order, below. Without limiting the generality of the immediately preceding sentence, such testimony must demonstrate sufficient due diligence regarding the factual and legal assertions in the Papers ("Due Diligence Testimony"). For example, _Litigants will be required to testify under oath why any cases cited in the Papers and any factual allegations in the Papers support their requests for or against any relief_, so as to demonstrate that those cases were actually read and considered, and that the facts were properly investigated and verified, consistent with Rule 9011(b) (it is not enough for AI or some paralegal or other undisclosed person to have read the cases or considered the facts). If Litigants request a continuance, further briefing, or any other additional procedures, the testimony must show good cause for such additional procedures, and must show that such requests are not being presented to impose additional delay or undue litigation expense, or

for other improper purposes. If Litigants fail to appear in person, or fails to testify under oath, this Court may rule that Litigants have waived or forfeited any legal or factual opposition to the types of remedies described in this Order.

4. **<u>Tentative rulings</u>.** The tentative ruling for the above-captioned hearing is that the Papers raise sufficient concerns about possible violations of Rule 9011(b) for this Court to address the following issues:

   a. <u>Rule 9011 assessment</u>. This Court will consider whether Litigants have violated Rule 9011(b) by presenting the Papers.

   b. <u>Possible rulings without further briefing</u>. This Court will consider whether to deny, overrule, or strike Litigants' requests in the Papers (including any supplement or amendment) for or against any relief, without further briefing, oral argument, or evidentiary hearing/trial, or alternatively to set new deadlines for any further briefing, and/or set evidentiary hearings or establish any other appropriate procedures.

   c. <u>Possible monetary sanctions</u>. This Court will consider whether to order the payment of monetary sanctions to this Court, within 14 days, in a dollar amount equal to not less than $100.00 per hour nor more than $500.00 per hour multiplied by the number of hours spent by chambers staff in addressing the Papers.

   d. <u>Possible automatic extension of time to respond to any *future* papers filed by Litigants</u>. This Court will consider issuing an order granting a general, temporary extension of time for parties in interest to respond to some or all types of <u>*future*</u> papers filed by Litigants, until this Court can determine, at whatever hearing is associated with those future papers, whether any such future papers filed by Litigants are a continuation of any demonstrated pattern of violating Rule 9011(b) (provided that any such extension would only apply to matters for

which extensions are permitted under Rule 9006(b) or other applicable rules).

e. Possible pre-filing order. This Court will consider issuing a “pre-filing” order (barring Litigants from filing papers in this case without leave of this Court);

f. Possible criminal referrals. This Court will consider referring for criminal prosecution any persons who appear to be conspiring to abuse the bankruptcy system, which may include any paralegals or other persons and could include Litigants if the evidence before this Court were to warrant such a referral.

g. Other remedies. This Court will consider imposing whatever other remedies are appropriate based on: Litigants’ arguments and Due Diligence Testimony (or lack thereof), any arguments or evidence presented at the above-captioned hearing by all persons with standing to respond to the Papers or otherwise entitled to be heard (*e.g.,* the United States Trustee), and this Court’s own analysis of the Papers and any other filed papers and records in this bankruptcy case and in any related bankruptcy cases and proceedings (including all contested matters and adversary proceedings).

5. **Notice to all parties in interest.** The Clerk of this Court is requested and directed to serve a copy of this Order on the full Creditor Matrix.

###

Date: May 6, 2026

Neil W. Bason
United States Bankruptcy Judge

# CERTIFICATE OF SERVICE

I, the below-named deputy clerk of the United States Bankruptcy Court, certify that I placed a true and correct copy of the attached document in a sealed envelope for collection and mailing, no later than the next business day that is not a court-observed holiday, in the United States mail, first class, postage prepaid, and addressed as follows:

<u>Debtor</u>
Alexey Ott
3505 Emerald St
#16
Torrance, CA 90503

<u>Party in interest</u>
Lada Ott
3505 Emerald St
#16
Torrance, CA 90503

[Other parties in interest to be served by Bankruptcy Noticing Center]

☐ Service information continued on attached page

Date: 5/6/2026 Signature: /s/ Sonny Milano
Deputy Clerk [*printed name*]: Sonny Milano